ROBERT WAGGENER - SBN: 118450
LAW OFFICE OF ROBERT WAGGENER
214 Duboce Avenue
San Francisco, California 94103
Phone:    (415) 431-4500
Fax:    (415) 255-8631
E-Mail:    rwlaw@mindspring.com

Attorney for Defendant RUSSELL TAYLOR OTT

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>RUSSELL TAYLOR OTT,<br><br>                Defendant.<br>_____/ | No. CR 17 533 EMC<br><br>**DEFENDANT RUSSELL TAYLOR OTT'S OBJECTIONS TO THE GOVERNMENT'S SUBMITTED [PROPOSED] ORDER DENYING MOTION FOR PRETRIAL RELEASE** |

**TO: THE UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF CALIFORNIA; ASSISTANT UNITED STATES ATTORNEYS KEVIN BARRY AND MEREDITH OSBORNE; AND TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

### INTRODUCTION

Shortly after being reminded that a proposed detention order had not been submitted to the Honorable Sallie Kim following the detention hearing for Russell Ott on September 25, 2018, last Friday the government e-filed a [PROPOSED] ORDER DENYING MOTION FOR PRETRIAL RELEASE. (Dkt. No. 418). The proposed order was not submitted to defense counsel before filing, and there are material objections to the content of the proposed order. Defendant Ott files this pleading generally noting his objection to the content of the proposed order, and asks the court to defer signing the proposed order until the parties can meet and confer

OBJECTION TO PROPOSED ORDER

1  regarding the content of the proposed order. Should the parties not be able to agree upon the
2  language or content of the proposed detention order, then defendant Ott submits that Magistrate
3  Kim should independently file her own order.

## POINTS OF OBJECTION TO THE PROPOSED DETENTION ORDER

Along with reminding the government that Magistrate Kim had requested that the government prepare a proposed detention order following the September 25, 2018 detention proceedings, defense counsel forwarded a transcript of the September 25 proceedings to the government. [hereinafter 9/25 RT] Defendant Ott objects to the government's newly submitted proposed order because it does not accurately conform to the September 25 transcript and the underlying hearing, or accurately reflect the prior detention proceedings for Mr. Ott, all of which have substantively taken place in front of Magistrate Kim.

After being arrested on the original indictment in late 2017 and charged with racketeering and conspiracy to murder, defendant Ott was eventually conditionally released to a halfway house and then to his ex-wife's residence in Santa Rosa, continually being electronically monitored, but with successively looser restrictions. On September 14, 2018 defendant Ott was arrested after a Superseding Indictment was filed and an arrest warrant issued. A count of first degree murder was added against Mr. Ott in the Superseding Indictment (Count 3), along with allegations that he was eligible for the death penalty. The October 9, 2018 hearing before Magistrate Kim was the detention hearing after the new arrest and allegations.

Defendant Ott's objections to the government's proposed order are generally stated by the following points:

1. The detention hearing for Mr. Ott took place on September 25, 2018, not October 9, 2018. (Proposed Order 1:18);

2. Magistrate Kim took in to account the proffers of the parties on September 25, 2018 (not September 9, 2018 (Proposed Order 1:23)), and it was clear she was taking in to account all prior detention hearings and not just the prior hearing on August 30, 2018. (Proposed Order 1:24) See, 9/25 RT 10:22-11:5;

OBJECTION TO PROPOSED ORDER         -2-

3. The proposed order should reflect Magistrate Kim's consideration of the prior pleadings, letters, and exhibits submitted regarding Mr. Ott's detention. See, 9/25 RT 10:22-11:5;

4. The proposed order should reflect that Magistrate Kim found there to be a double violation of Mr. Ott's violation of his bond on September 13, 2018 in terms of his curfew, i.e. that Mr. Ott was out for a purpose for which he was not authorized, and that he violated his curfew for an extended period of time. (9/25 RT 6:15-18);

5. The proposed order should reflect that Magistrate Kim was less concerned about the new allegations of the Superseding Indictment than the violation of the curfew. (9/25 RT 6:18-23);

6. The proposed order mistakenly states that Mr. Ott was only permitted to leave his residence for work, court, legal, or medical appointments. (Proposed Order 2:14) The transcript of the prior detention proceedings on August 30, 2018, and the order following that hearing which set a curfew for Mr. Ott between 6:00 a.m. and 9:30 p.m. (Dkt. 358) do not support that statement.;

7. Along with the proposed order stating that defense counsel did not proffer any additional sureties (Proposed Order 2:16), the proposed order should reflect that defense counsel made clear that even with the new charges being filed and the facts of the curfew violation, the sureties and custodian for Mr. Ott were still willing to remain in place. (9/25 RT 8:11-9:1);

8. Mention of the dated misdemeanor convictions for Mr. Ott should not be a part of the proposed order. (Proposed Order 2:16-18) Magistrate Kim never discussed the misdemeanor convictions as a basis for the detention of Mr. Ott in any of the detention proceedings.;

9. The proposed order should reflect Magistrate Kim's statement that she would not be willing to reconsider the issue of Mr. Ott's detention in the future, and that she considers her order to be final. (9/25 RT 10:9-18) See, 9/25/18 Minutes (Dkt. No. 390 )

For all the foregoing reasons, defendant Ott objects to the proposed detention order

submitted by the government, and requests that the Court defer signing of any order until the parties have conferred and the matter is submitted with the joint input of the parties.

Dated: October 14, 2018            Respectfully submitted,

                                   _____/s/_____
                                   ROBERT WAGGENER
                                   Attorney for Defendant
                                   RUSSELL TAYLOR OTT