ALEX G. TSE (CABN 152348)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

MEREDITH B. OSBORN (CABN 250467)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6774
    meredith.osborn@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 17-CR-00533-6 EMC |
| Plaintiff, | [~~PROPOSED~~] ORDER DENYING MOTION FOR PRETRIAL RELEASE |
| v. | |
| RUSSELL OTT, | |
| Defendant | |

The parties appeared before the Honorable Sallie Kim on September 25, 2018, for a detention hearing. The defendant was represented by Robert F. Waggener. The government was represented by Assistant United States Attorney Meredith B. Osborn. The government moved for detention, submitting that no condition or combination of conditions of release would reasonably assure the appearance of the defendant as required or the safety of the community.

The Court has considered the parties' proffers during the hearing on September 25, 2018, and a prior bond hearing held on August 30, 2018, the defendant's past conduct and criminal record, the offense conduct alleged in the indictment, the bail study report, and the factors set forth in 18 U.S.C. § 3142(g). For the reasons stated on the record at the hearing, including consideration of the history and characteristics of the defendant and the nature and seriousness of the danger posed to the community

should the defendant be released prior to trial, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure defendant's presence as required or the safety of any other person or the community.

Defendant is charged with one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), one count of conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5), and one count of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1). Specifically, defendant is alleged to have aided and abetted the murder of Victim 1, for the purpose of maintaining and increasing his position in the Hells Angels of Sonoma County, a racketeering enterprise.

Defendant had been released on a $500,000 bond, secured by $10,000 in cash and real property posted by a friend. He was then charged by superseding indictment with murder in aid of racketeering. The night before his arrest on the new charge, defendant violated his bond conditions by going to a casino and staying out past his curfew. Defendant was permitted to leave his residence only for work, court, legal, or medical appointments. He violated his bond conditions less than two weeks after they had been imposed by the Court.

Defense counsel did not proffer any additional sureties. Defendant has three prior misdemeanor convictions, the most recent of which was in 2001. Defendant violated the conditions of his probation for that conviction twice.

Considering the factors under 18 U.S.C. section 3142(g), including the nature and circumstances of the offense changed, the weight of the evidence, the defendant's history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release, the Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required or the safety of any person and the community. 18 U.S.C. § 3142(e).

The Court therefore orders the defendant detained prior to trial in this matter. The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a correctional facility. The defendant must be afforded a reasonable opportunity to consult privately with

[PROPOSED] DETENTION ORDER
CR No. 17-CR-00533-6 EMC

2

counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance.

IT IS SO ORDERED.

DATED: October 16, 2018

_____
HON. SALLIE KIM
United States Magistrate Judge

[PROPOSED] DETENTION ORDER
CR No. 17-CR-00533-6 EMC

3