ROBERT WAGGENER - SBN: 118450
LAW OFFICE OF ROBERT WAGGENER
214 Duboce Avenue
San Francisco, California 94103
Phone:          (415) 431-4500
Fax:              (415) 255-8631
E-Mail:         rwlaw@mindspring.com

MARCIA ANN MORRISSEY- SBN: 66921
LAW OFFICE OF MARCIA ANN MORRISSEY
11400 W. Olympic Blvd., Suite 1500
Los Angeles, California 90064
Phone:          (310) 399-3259
Fax:              (310) 392-9029
E-Mail:         morrisseyma@aol.com

Attorneys for Defendant RUSSELL TAYLOR OTT

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  CR 17 0533 EMC |
| Plaintiff, | **REPLY TO UNITED STATES' RESPONSE TO DEFENDANT OTT'S MOTION TO REVOKE DETENTION ORDER (Dkt. No.  508)** |
| v. | |
| RUSSELL TAYLOR OTT, | Date:   January 8, 2019 |
| Defendant. | Time:  1:30 p.m. |
| _____/ | Crtrm: U.S. District Judge Chen |

**TO:    THE UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF CALIFORNIA; ASSISTANT UNITED STATES ATTORNEYS KEVIN BARRY AND MEREDITH OSBORN; AND TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

Defendant Russell Ott hereby replies to the government's response to his motion to revoke the detention order entered against him by Magistrate Judge Sallie Kim. (Dkt. Nos. 426, 496, 508) The government's response is replete with sweeping, overbroad, invective assertions and allegations, and in many ways ignores the true state of the evidence as to the issue of defendant Ott's release. Below, defendant addresses the various categories addressed in United States' Response to Defendant Ott's Motion to Revoke Detention Order (Dkt. 508). [hereinafter "Govt. Response"]

**A.      Defendant's Risk of Flight (Govt. Response 2:11)**

The government completely ignores Mr. Ott's undeniable and significant ties to the Santa Rosa and California community, instead focusing entirely on his membership in the HASC. The government's completely unsupported argument is that because Mr. Ott is a Hells Angels member he somehow has an automatic pipeline to domestic and international refuge with some other chapter of the motorcycle club, and this solidifies his incentive to flee. As argued extensively already, 65 year old Mr. Ott has known since the date of his original arrest that he was engaged in a battle to not die in prison. Rather than the government's statement that because of his age and health he "<u>may</u> view a conviction on any count as potentially carrying a life sentence" (Govt. Response 3:1, emphasis added), he <u>does</u> know that to be the case. Nonetheless, save for a minor violation of his curfew after being released last year, Mr. Ott entirely complied with his conditions of release and made absolutely no attempt to flee the jurisdiction. Mr. Ott has all his children, grandchildren, and great grandchildren, and his wealth of family and friends, that ground him to the North Bay community. He is not going anywhere. The flight risk argument by the government is specious, and the real issue here is Mr. Ott's perceived danger to the community and whether conditions exist that

can mitigate that danger if released.

**B.    Defendant's Danger to the Community (Govt. Response 3:7)**

We all get it. Mr. Ott is charged with a capital murder and he faces the gravest of consequences. The broad, undetailed allegation is that he traveled with a fellow HASC member to Fresno, California where the president of the Fresno Hells Angels chapter killed the member victim. (Govt. Response 3:16-17)

The government focuses on the HASC role of Mr. Ott and the fact that he is a former president of the chapter. According to the government, because he was a former president he "was responsible for directing the racketeering activities of the enterprise", and "[a]s president, the acts of violence and intimidation the group committed were his acts." (Govt. Response 3:22-24) Mr. Ott was the president of the chapter over 15 years ago, giving up the position not long after the turn of the century. The racketeering enterprise charged in this case is alleged to have arisen in 2007, and all of the alleged overt acts in the Superseding Indictment occurred after 2007, with the most violent acts occurring in 2011 or later.  Mr. Ott was not the president of the chapter during that period and the government has made no showing of how he was somehow directing the charged racketeering acts. Mr. Ott remained a member of the HASC from 2007 and thereafter, but he was busy raising his two school age children and working in the drywall business. The government is just plain wrong in terms of their argument of Mr. Ott's role. The government attempts to characterize as some sort of organized crime kingpin in their alleged racketeering enterprise, when the reality is that he was a blue collar single parent, living paycheck to paycheck, who was a member of the HASC motorcycle club.

**C.    18 U.S.C. § 3142 Factors**

**1.    Nature and Circumstances of the Offense (Govt. Response 4:2)**

It is fundamentally unfair to preventively detain an individual without a specific identification

of their criminal conduct. That is exactly what is going on here. The shell of an allegation is that four defendants conspired to kill the Sergeant of Arms of the HASC in 2014 (one of their own, as the government emphasizes, Govt. Response 4:11) and that the president of the Fresno chapter, Mr.Wendt, pulled the trigger. The body of the victim has never been found. It bears repeating that in no detention hearing for any of the four defendants charged in the homicide, or any pleading, has the government ever proffered or explained the motive for the killing of Victim 1, the specific facts and circumstances surrounding the killing and who was there beyond Mr. Wendt, or the details of how the body of the victim was supposedly disposed of and hidden. See the discussion of the weight of the evidence below. The government can jump up and down all it down all it wants about the seriousness of the offense and its depravity, but there is a hollowness to these protestations when it will not even describe or explain how the violent act supposedly occurred.

## 2.    Strength of the Evidence (Govt. Response 4:19)

The government admits that "Defendant is correct that it is difficult to for the Court to evaluate [the strength of the evidence] factor." (Govt. Response 4:24-25) The government is simply not telling the defendants or the Court what they think happened in terms of the alleged homicide.Their explanation for this failing is that "this case will depend heavily on the statements of witnesses." (Govt. Response 4:20-21)  In other words, the government is saying that we want these four defendants to stay in jail because of the awful crime they committed, but we are not going to tell you what information we are getting from our informant(s) as to how the homicide occurred, let alone the background, history, and incentives of these informant(s), or how they came to acquire their information. The Court is well aware of the discussions that have taken place regarding Rule 16, the Jencks Act, and "protected" material, but the present situation as to the detention of Mr. Ott borders on the absurd and is submitted to be relatively unprecedented. The government is standing on the case law that the strength of the evidence is the least important factor as to detention, and then

is essentially asking the Court to ignore the factor and take them at their word with their shell allegation without providing any substantive information. The Rule 16 and Jencks issues are separate, legal considerations, and this Court should be provided with actual information as to the strength of the government's case against Mr. Ott. That is not a request to disclose the identity of the informant(s), but basically an idea of describing what they have in their hand rather than keeping all the cards hidden.

### 3.    History and Characteristics of Defendant (Govt. Response 5:1)

The government broadly argues that because Mr. Ott has been in the HASC for 45 years and what is at stake for him, his release will have drastic consequences for the community and any witnesses in the case. (Govt. Response 5:2-7) Completely ignored is Mr. Ott's minimal, dated criminal history, lack of any history of violence, family and employment history, community of support, and the fact that he is a 65 year old man doing his best to raise his two teenage children.

Historically or while previously released, there is no evidence that Mr. Ott threatened or intimidated any witness, and there is actually evidence to the contrary. Pretrial Services records will support that on one occasion toward the end of last year, while Mr. Ott was released and given permission to attend an AA meeting in Santa Rosa with his sponsor,  he noticed the wife of a significant figure in this case, who is generally known to be cooperating with the government, also attending the meeting. Mr. Ott immediately left the meeting, called his supervising Pretrial Services officer to report what had happened, and then went to a different AA meeting. The government relies on the notion that the "demands of the HASC enterprise" automatically and robotically make him a danger to the community and witnesses, and they have no evidence to back up that argument. (Govt. Response 5:4)

Mr. Ott's curfew violation on September 13, 2018 has been admitted and explained. It is agreed that it is relevant, but it is still submitted to be relatively "minor" in the overall analysis as

to Mr. Ott's conditional release. Mr. Ott stayed too long in the windowless, clockless, Graton casino playing penny slot machines, and raced home when realizing his error. Two hours late for his curfew, he immediately called his Pretrial Services officer and admitted his mistake. The next day he was arrested and has now been in continuous custody for almost four months since. There are consequences for mistakes and misconduct while on pretrial release, and that has certainly been accomplished here, but in the overall picture and analysis, the curfew violation is not, and should not be, a weighty factor at this point as to his continued detention.

### 4.     Nature of Danger to the Community (Govt. Response 6:3)

The government contends that "If released, the only thing preventing [Mr. Ott] from seeking out potential witnesses, and harming, threatening, or intimidating them is his promise to the Court not to do so." (Govt. Response 6:6-8) Once again, the government grossly overstates the situation. Mr. Ott has sureties and family that support and back him, and he is not about to put them at risk. His health is basically wasting away in jail, and he knows he needs adequate medical and dental treatment to survive. He has children that he wants to continue to raise and spend time with, and to usher in to adulthood. In other words, there are a powerful set of reasons and factors to prevent him from violating the conditions of his release. Mr. Ott has the capacity, intelligence, and incentive to comply with conditions of release set by the Court, and a combination of conditions can be set to protect any perceived danger to the community.[1]

///

///

---

[1] In the original motion to revoke the detention order (Dkt. No. 496), defendant mentioned an additional potential surety for his release, Mr. Ott's AA sponsor, Wayne Bright. Attached hereto as Exhibit 16 is a letter to the Court from Mr. Bright. Also attached are two photos of Mr. Ott with his great grandson after his pretrial release last year while he was living at the Santa Rosa residence of Susan Madieros. (Exhibits 17 and 18)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CONCLUSION**

For all of the foregoing reasons, the Court should revoke the detention order and release Mr. Ott on appropriate conditions.

Dated: January 6, 2019.                                  Respectfully submitted,


                                                             /s/ Robert Waggener
                                                             Robert Waggener
                                                             Attorney for Defendant
                                                             RUSSELL TAYLOR OTT

                                                             /s/
                                                             MARCIA MORRISSEY
                                                             Attorney for Defendant
                                                             RUSSELL TAYLOR OTT