1  JAMES S. THOMSON
   California SBN 79658
2  Attorney and Counselor at Law
   732 Addison Street, Suite A
3  Berkeley, California 94710
   Telephone: (510) 525-9123
4  Facsimile:  (510) 525-9124
   Email: james@ycbtal.net
5
   Attorney for Defendant
6  DAVID SALVATORE DIAZ, III

7  ROBERT WAGGENER - SBN: 118450
   Law Office of Robert Waggener
8  214 Duboce Avenue
   San Francisco, California 94103
9  Phone: (415) 431-4500
   Fax: (415) 255-8631
10 E-Mail: rwlaw@mindspring.com

11 MARCIA ANN MORRISSEY- SBN: 66921
   Law Office of Marcia Ann Morrissey
12 11400 W. Olympic Blvd., Suite 1500
   Los Angeles, California 90064
13 Phone: (310) 399-3259
   Fax: (310) 392-9029
14 E-Mail: morrisseyma@aol.com

15 Attorneys for Defendant
   RUSSELL TAYLOR OTT
16

17            IN THE UNITED STATES DISTRICT COURT

18         FOR THE NORTHERN DISTRICT OF CALIFORNIA

19                 SAN FRANCISCO DIVISION

20

21 UNITED STATES OF AMERICA,          )  **Case No. 4:17-cr-00533 EMC**
                                      )
22          Plaintiff,                )  **DEFENDANTS DAVID DIAZ AND**
                                      )  **RUSSELL OTT'S STATUS REPORT**
23 vs.                                )  **REGARDING EVIDENCE VIEWING,**
                                      )  **SEARCHES DISCOVERY AND**
                                      )  **ELECTRONIC DISCOVERY**
24 DAVID SALVATORE DIAZ, III and      )
   RUSSELL TAYLOR OTT,                )  **Date: February 13, 2019**
25                                    )  **Time: 2:30 P.M.**
            Defendants.              )
26                                    )
                                      )  Judge: Hon. Edward M. Chen
27 _____    )

28

## I.     INTRODUCTION

A further status conference is scheduled for February 13, 2019 before this Court. Counsel for David Diaz, III and Russell Ott hereby provide this report regarding the status of the evidence viewing, searches discovery, and electronic discovery matters.

## II.    EVIDENCE VIEWING

Mr. Diaz first requested the opportunity to view the evidence in this case by letter to the government on August 7, 2018.  To date, still no viewing times have been scheduled.  Mr. Diaz has advised the Court of the lack of progress in this endeavor over the past several months.  See Docs #431, #485 and #512.

Contrary to the government's status statement, the government has not provided any dates to defense counsel and counsel are unaware of the government having "struggled to find dates and times that work for all the parties."  Government Status Report at 4, Doc #551.  The only dates that have been proposed to view the evidence are the dates provided by the defense.

Most recently, after numerous meet and confer sessions with government's counsel, and at their request, the defense provided proposed viewing dates on January 7, 2019.  The dates ran through February 4, 2019.  The government did not respond to the defense proposed dates until the last date defense counsel proposed to view the evidence (February 4, 2019).  The government's late response wasted considerable efforts by the defense in preparing the proposed schedule after coordinating the schedules of the 14 defense lawyers in the case.

The defense questions why it is now going to take the government until "the end of February . . . to provide proposed dates" to defense counsel.  Government Status Report at 4, Doc #551.  This matter has been pending far too long to wait an additional two-weeks.

In any event, defense counsel require a number of proposed viewing dates in March and April that are at least 4 weeks out so that counsel can arrange their schedules and coordinate with their respective investigators and expert witnesses.  Scheduling is

1   complicated by the fact that two of the lawyers will be traveling from Los Angeles and

2   one will be traveling from Boston, Massachusetts.

3   **III.    SEARCHES DISCOVERY**

4          After a lengthy waiting period, on January 10, 2019, the government provided

5   counsel with an updated proposed attorney's-eyes-only protective order.  Defense counsel

6   promptly agreed to the protective order and it was filed at that time.  Doc #514.  That

7   same day, the Court issued the protective order.  Doc #517.

8          Pursuant to the Court's December 19 and 20, 2018 discovery orders, the

9   government was ordered to provide less-redacted and the omitted pages searches

10  discovery no later than two weeks after the attorney's-eyes-only protective order was

11  filed.  Doc #502.  The order was filed on January 10, 2019.  The searches discovery was

12  made due no later than January 24, 2019.

13         On January 24, 2019, defense counsel did not receive any less-redacted searches

14  discovery, any omitted pages of the searches discovery, or an explanation regarding any

15  omitted pages that the government did not have in its possession.

16         On January 26, 2019, counsel for Mr. Diaz filed a motion for sanctions against the

17  government for failing to provide the searches discovery as ordered by the Court.  Doc

18  #537.  The government's opposition to the motion was due on February 3, 2019 and Mr.

19  Diaz's reply was due on February 7, 2019.

20         On February 1, 2019, counsel for the government informed counsel for Mr. Diaz

21  that the "unredacted and lesser redacted affidavits [were] being processed."  AUSA Email

22  (2/1/2019).  That day, the government provided one search warrant affidavit pursuant to

23  the attorney's-eyes-only protective order.  That same day, counsel for Mr. Diaz shared the

24  search warrant affidavit with all defense counsel (save Michael Clough) and informed

25  them that the government had said that the unredacted and lesser redacted affidavits were

26  being processed.

27         On February 3, 2019, the government did not file an opposition to the motion for

28  sanctions.

Status Report Regarding Evidence
Viewing, Search Discovery and
Electronic Discovery

On February 7, 2019, the government provided a portion of the unredacted and lesser redacted searches discovery to the defense.  That same day, the government filed an untimely response to the motion for sanctions and a status report, which purported to address the searches discovery.  Doc #550 and #551; Northern District Criminal Law Rule 47-2(d).

In the status report, the government proclaimed that it had "provided less redacted versions of 369 pages of search warrants, which defendants identified as those that they had standing to object to in the form of a motion to suppress."  Doc #551 at 3-4.  At first glance, this volume of material may cause one to be impressed with the production.  In the end, the impressive nature of the production quickly fades.

Mr. Diaz had only requested 71 pages of unredacted discovery as identified in Discovery Letter #6.  So the production of an extra 299 pages of discovery was duplicative and unnecessary.  The government re-produced the complete affidavits with new bates numbers although only a few pages of each affidavit had been redacted.  The government only provided 33 of the 71 pages requested.[1]

The government did not produce 38 of the 71 pages of redacted discovery.  The 38 pages relate to 19 separate searches.  See Discovery Letter #6, Searches #5, #7, #15, #16, #24, #28, #30, #31, #32, #33, #34, #36, #39, #40, #41, #43, #44, #45 and #50.

The government did not provide any omitted pages of the searches discovery, or an explanation regarding any omitted pages that the government did not have in its possession.  See December 19 and 20, 2018 Discovery Orders, Docs #502 and #506.  This omitted discovery relates to 50 separate searches.  See Discovery Letter, Searches #1, #2, #3, #4, #6, #7, #8, #9, #10, #11, #12, #13, #14, #15, #16, #17, #18, #19, #20, #24, #25,

---

[1] The 33 pages produced relate to 41 searches.  See Discovery Letter #6, Searches #6, #21, #22, #23, #25, #26, #27, #29, #30, #31, #32, #33, #34, #35, #36, #37, #38, #39, #40, #41, #42, #43, #44, #45, #53, #56, #57, #58, #59, #60, #61, #62, #63, #64, #65, #66, #67, #68, #69, #71 and #72.

1   #26, #29, #30, #31, #32, #33, #34, #35, #36, #37, #38, #39, #40, #41, #42, #43, #44, #45,

2   #46, #47, #48, #49, #52, #53, #54, #55, #70, #73, and #74.

3   　　　The Court's December 19 and 20, 2018 Discovery Orders did not limit the

4   government to only providing searches discovery regarding the searches that the

5   "defendants preliminarily claim[ed] standing."  Doc #509 (Notice).  The Court's order

6   states "the government will provide the less-redacted materials referenced in the

7   defendants' discovery letter 6 and the omitted pages in discovery letter 7."  Doc #502 at 1.

8   As defense counsel noted in the notice of standing: "When the defense receives the less

9   redacted discovery and missing pages of discovery as detailed in Defendant David Diaz's

10  Discovery Letters #6 and #7 and as ordered by this Court, defendants will modify this

11  standing notice accordingly."  Id.

12  　　　The government provided counsel with searches discovery that was previously

13  produced in unredacted form.  The duplicative discovery has been produced under the

14  attorney's-eyes-only protective order.  Counsel do not know if the government will claim

15  that this previously unprotected discovery now falls within the attorney's-eyes-only

16  protective order.

17  　　　In sum, the government has not fully complied with this Court's orders.  The

18  government has not provided: (1) 38 pages of the less-redacted discovery for 19 searches;

19  (2) the omitted pages of discovery for 50 searches; (3) or an explanation regarding any

20  omitted pages that the government does not have in its possession (unknown number of

21  pages; 50 searches).

22  **IV.   ELECTRONIC DISCOVERY INDEX**

23  　　　Right at the Court imposed deadline, on January 30 and 31, 2019, the government

24  turned over forensic data from a total of 115 electronic devices by providing the defense

25  discovery coordinator with a series of hard drives.  On January 31, the government also

26  turned over a list of electronic evidence seized, setting out the 115 devices for which

27  forensic data was being turned over, and then highlighting an additional 29 devices that

28  the government intended to produce that had been seized from various locations.

Status Report Regarding Evidence
Viewing, Search Discovery and
Electronic Discovery

1       The defense discovery coordinator has conducted a preliminary review of the

2   forensic data from the 115 devices, consisting of multiple terabytes of data.  Of the 115

3   devices, forensic data from 13 of them (12 phones and an iPad) are in a searchable

4   format.  Data from one additional phone was produced via a disc that the discovery

5   coordinator has been unable to access or read.

6       The remaining 101 devices have been presented to the defense as "image" files

7   created by the government's forensic software, that are not searchable and not currently

8   accessible or readable.  Examples of these imaged devices are laptop and desk top

9   computers, external hard drives, thumb drives, cameras, and SD cards.  These 101

10  "image" files will require a forensic expert and special software in order for the defense

11  to actually view their contents.

12      In short, the government has turned over 101 devices imaged by its proprietary

13  software such that the data for these devices is not readily accessible to the defense.  Over

14  85% (101/115 devices) of the material from the devices will require an expert to make it

15  accessible and searchable.  The government took over 14 months to turn over the vast

16  bulk of this electronic device material, and it is presently unclear how long it will take to

17  get the 85% of the devices in a usable format.  The defense is reaching out to experts with

18  experience as to these "image" files to provide the Court with more information by the

19  February 13 court date.

20      As to the 29 devices that the government specifically indicated on January 31 that

21  it intended to produce in the future, as promised, the defense met its deadline of

22  prioritizing the production of those devices by February 5, 2019.  The government was

23  given a prioritized list of the six locations from which those devices were seized.  The 29

24  devices listed by the government in this "to be produced" category consist of multiple cell

25  phones, an iPad, thumb drives, and cameras.  The defense does not know when the native

26  data from those devices will actually be produced, or whether it will be produced in a

27  readable format for the defense, or whether it will be produced as the previously

28  discussed forensic "image" files.  Further complicating the entire process is the lack of

Status Report Regarding Evidence
Viewing, Search Discovery and
Electronic Discovery

1   clarity as to whether various devices seized by the government can actually be decrypted

2   and, if so, when they will be decrypted.

3          The meaningful production or understandable formatting of these electronic

4   devices is going to take at least several more months.  Then, it will take additional time to

5   actually go through the terabytes of material and discern the relevant material and then

6   conduct any necessary investigation of that material.  So, while a modicum of progress

7   has been made, very little forward movement has occurred.

8   DATED: February 10, 2019                          Respectfully submitted,

9                                                     /s/ James Thomson

10                                                    _____
                                                      JAMES THOMSON
                                                      Attorney for David Diaz, III

11

12                                                    /s/ Robert Waggener

13                                                    /s/ Marcia Morrissey

14                                                    _____
                                                      ROBERT WAGGENER
                                                      MARCIA MORRISSEY

15                                                    Attorneys for Russell Ott

16

17

18

19

20

21

22

23

24

25

26

27

28