UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES

**Date**: 4/10/2020                    **Time** = 1:30 – 3:14=                    **Judge:**  EDWARD M. CHEN
                                              1 Hour; 44 Minutes

**3:17-cr-00533-EMC -1 - USA v. Jonathan Joseph Nelson (appearance waived)**
AUSA: Ajay Krishnamurthy, Kevin Barry / DEF: Jai Gohel, Richard Novak
**3:17-cr-00533-EMC-2 - USA v. Raymond Michael Foakes (appearance waived)**
AUSA: Ajay Krishnamurthy, Kevin Barry / DEF: George Boisseau
**3:17-cr-00533-EMC-3 - USA v. Russell Allen Lyles, Jr. (appearance waived)**
AUSA: Ajay Krishnamurthy, Kevin Barry / DEF: Jai Gohel for Michael Clough
**3:17-cr-00533-EMC-4 - USA v. Jeremy Daniel Greer (appearance waived)**
AUSA: Ajay Krishnamurthy, Kevin Barry / DEF:   Martin Sabelli for Randy Pollock
**3:17-cr-00533-EMC-5 - USA v. Brian Wayne Wendt (appearance waived)**
AUSA: Ajay Krishnamurthy, Kevin Barry / DEF: Martin Sabelli, John Philipsborn
**3:17-cr-00533-EMC-6 - USA v. Russell Taylor Ott (appearance waived**)
AUSA: Ajay Krishnamurthy, Kevin Barry / DEF: Robert Waggener, Marcia Morrissey
**3:17-cr-00533-EMC-7 - USA v. Christopher Ranieri  (appearance waived)**
AUSA: Ajay Krishnamurthy, Kevin Barry / DEF: John Walsh
**3:17-cr-00533-EMC-8 - USA v. Damien David Cesena – (present; telephone)**
AUSA: Ajay Krishnamurthy, Kevin Barry / DEF: Galia Amram, Whitney O'Byrne
**3:17-cr-00533-EMC - 9 USA v. Brian Burke (appearance waived)**
AUSA: Ajay Krishnamurthy, Kevin Barry / DEF: Erik Babcock
**3:17-cr-00533-EMC - 11 USA v. David Salvatore Diaz (appearance waived)**
AUSA: Ajay Krishnamurthy, Kevin Barry / DEF: James Thomson
**3:17-cr-00533-EMC - 12 USA v. Merl Frederick Hefferman (appearance waived)**
AUSA: Ajay Krishnamurthy, Kevin Barry / DEF: James Bustamonte

**Deputy Clerk:** Angella Meuleman                    **Court Reporter:** Marla Knox (telephone)

**Interpreter:** N/A                                        **Probation Officer:** N/A

### PROCEEDINGS

- Telephonic Status Conference - HELD.

### SUMMARY

Parties stated appearances telephonically and communicated that all defendants not participating
by phone waived their appearances.

1

**Status of Discovery**

The Government has responded to Discovery Letter No. 43 and represented that there will be no physical evidence regarding cremation and thus no forensic evidence.

The Government is in possession of thirty to thirty-five audio and/or video recordings of consensual phone calls, interviews, and other recordings concerning confidential informants and other individuals.  The defense requested an inventory of all such recordings.  The Government expressed concern about the confidential witnesses' safety.

The Court orders the Government to produce—without disclosing confidential witness identity—an inventory of those recordings that contains at a minimum: (1) a general description of the recording; (2) whether it involves statements by defendants (in which case disclosure is required under Rule 16); and (3) whether the subject matter of the recording was disclosed in prior Attorneys' Eyes Only material.  The production date for such this inventory is **April 29, 2020**, but the Government is to produce on a rolling basis, as possible.  Parties are further ordered to meet and confer about any dispute whether regarding application of Rule 16.

***Daubert* Hearing(s)**

The parties expressed their views on whether this Court can proceed with a telephonic or video-conferenced *Daubert* hearing.  The Government is in favor of either remote option.  Counsel for Mr. Diaz objected to a telephonic or video hearing because he argues he should be able to consult with his client and co-defense counsel during the hearing in such a way that is not feasible remotely.  Counsel for Mr. Ott joined Mr. Diaz's objection.  Counsel for Mr. Foakes contends his client should be present via video.  Counsel for Mr. Wendt is in favor of a remote hearing if, after direct examination, the defense can provide their clients with transcripts and consult before cross examination; counsel is concerned that a substantial delay in conducting *Daubert* proceedings will delay trial, which Mr. Wendt desires to start in December 2020.

Because *Daubert* hearings are often decided without evidentiary hearings and Rule 43 states that defendant need not be present at a hearing or conference "on a question of law," the Court orders the parties to brief whether defendants' presence at the upcoming *Daubert* hearings are mandatory under Rule 43 and/or the Constitution and, if so, whether telephonic or video conferencing would be permissible.  The parties will explore potential platforms for a video hearing—the Court noted it has used the Zoom Webinar function.  The Court also noted that under current circumstances set by jail authorities, it may not be possible for those defendants in detention to participate by video or telephone for a prolonged period of time.  Parties are ordered to file cross-briefs by **April 24, 2020**.  Defendants' brief shall be consolidated—any defendant wishing to join shall so state.  The Government is further ordered to determine the availability of Mr. Scheetz and Mr. Austin for an electronic and for in-person hearing in May and June 2020 and file a status report by **May 1, 2020**.

2

**Trial Date And Trial Groupings**

The Government has not heard from the Attorney General's office regarding the authority to seek the death penalty. This case remains on the weekly list pending before the Deputy Attorney General.

All parties expressed their positions and objections to the Government's proposed trial groupings. The defense team takes the position that they are unable to offer proposed trial groupings because they lack the requisite information to make informed recommendations. The Government indicated that it is withholding certain confidential information for witness safety, but it intends to produce on a date near trial.

In the interest of protecting confidential witnesses' identities but in light of the need to progress this case to trial—securing a trial date and grouping of at least the first group for trial—the Court orders the Government to produce (under Attorneys' Eyes Only) the following materials it intends to introduce at trial: (1) a complete list of overt and predicate acts; (2) Rule 404(b) materials; and (3) Rule 16 defendant statements by **April 27, 2020**. The parties shall meet and confer prior to the next status to revisit the question of group for the first trial. The parties shall submit a joint statement regarding their positions on trial grouping before **May 1, 2020**. The Court indicated the presumptive first grouping will include the following defendants: Mr. Nelson, Mr. Wendt, Mr. Ott, and Mr. Ranieri. Additionally, the parties are further ordered, after the Government produces its disclosures, to meet and confer over a pretrial schedule including any motion(s) to suppress and include that in their joint status conference filing.

At the next status conference, this Court will (1) set a trial date; (2) set a deadline by which the Government must file a Notice of Intent to Seek the Death Penalty or be precluded from doing so; (3) schedule phase one of the *Daubert* hearings; and (4) set a pretrial schedule.

Should Mr. Nelson seek release pending trial, he must file an appropriate motion.

**Further Status Conference set telephonically for May 1, 2020 at 1:30 p.m. Appearance of all Defendants waived.**

**Upon confirmation of no objections (the Clerk will contact counsel to confirm), time is excluded to permit effective preparation of defense and given the complexity of the case. The ends of justice outweigh the publics' and the defendants' interests in a speedy trial.**