JOHN T. PHILIPSBORN - SBN 83944
Law Offices of JOHN T. PHILIPSBORN
507 Polk Street, Suite 350
San Francisco, CA 94102
(415) 771-3801
jphilipsbo@aol.com
Attorney for BRIAN WAYNE WENDT

K. ALEXANDRA McCLURE - 189679
Law Offices of ALEXANDRA McCLURE
214 Duboce Avenue
San Francisco, CA 94103
(415) 814-3397
alex@alexmcclurelaw.com
Attorney for BRIAN WAYNE WENDT

ROBERT WAGGENER - SBN 118450
Law Offices of ROBERT WAGGENER
214 Duboce Ave
San Francisco, CA 94103-1008
(415) 431-4500
rwlaw@mindspring.com
Attorney for RUSSELL OTT

MARCIA A. MORRISSEY - SBN 66921
11400 W. Olympic Blvd., Ste 1500
Los Angeles, CA 90064
(310) 399-3259
morrisseyma@aol.com
Attorney for RUSSELL OTT

JAI M. GOHEL - SBN 170782
819 Eddy Street
San Francisco, CA 94109
(415) 771-6714
jaigohel@rocketmail.com
Attorney for JONATHAN NELSON

RICHARD G. NOVAK - SBN 149303
P.O. Box 5549
Berkeley, CA 94705
626-578-1175
Richard@RGNLaw.com
Attorney for JONATHAN NELSON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>JONATHAN JOSEPH NELSON, et al.,<br><br>     Defendants. | **Case No. CR-17-00533-EMC**<br><br>**JOINT GROUP ONE MOTION FOR RECONSIDERATION OF RULING TO ALLOW CSLI INFORMATION AT TRIAL** |

**JOINT GROUP ONE MOTION FOR RECONSIDERATION OF RULING TO ALLOW CSLI INFORMATION AT TRIAL**

1

1  TO: THIS HONORABLE COURT; TO COUNSEL FOR THE GOVERNMENT:

2       This Court should reconsider its previous order allowing the introduction of Cell

3  Site Location Information ("CSLI") testimony and demonstrative evidence at the Nelson

4  Group One trial. The Court allowed the introduction of such information in its Order

5  Denying Defendants' Motion to Exclude or Limit "CAST" Testimony (ECF 1630). (*U.S.*

6  *v. Nelson*, 533 F.Supp.3d 779 (N.D. Cal, 2021)) Under the "law of the case" doctrine, "a

7  court is generally precluded from reconsidering an issue that has already been decided by

8  the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152,

9  154 (9th Cir.) (cert. denied 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 661 (1993). This

10  is not a limitation on this court's power, but rather a guide to discretion. *Arizona v.*

11  *California*, 460 U.S. 605, 618 (1983). "A court may have discretion to depart from the

12  law of the case where: "1) the first decision was clearly erroneous; 2) an intervening

13  change in the law has occurred; 3) the evidence on remand is substantially different; 4)

14  other changed circumstances exist; or 5) a manifest injustice would otherwise result."

15  *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (citing *Bible*, 983 F.2d at

16  155). Here, based on a recently published peer-reviewed article, this court should

17  reconsider its prior order allowing the government to introduce CSLI testimony or

18  evidence at trial.

19       Recently, a new peer-reviewed journal took aim at how government witnesses' use

20  cones to show radio wave propagation.

21       No [Radio Frequency] books, journal papers, or patents could be found that
22       have ever used such a shape to represent sector coverage, isolated or in the
     best server scenario. Furthermore, not even in the crudest approximations
23       do any [Radio Frequency] tools, processes, or any of the mapping
     applications used by [Radio Frequency] engineers in their everyday work
24       for network operators take such an approach.

25

26  *See* Exhibit A (Analysis of Mobile Phone Geolocation Methods Used in US Courts).

27  Instead, as the article explains, radio waves do not propagate in a standard cone shaped

28  **JOINT GROUP ONE MOTION FOR RECONSIDERATION OF RULING TO
ALLOW CSLI INFORMATION AT TRIAL**

1  pattern:



Exhibit A at 8. That is far different from how the government seeks to show radio wave propagation in this case:

**JOINT GROUP ONE MOTION FOR RECONSIDERATION OF RULING TO ALLOW CSLI INFORMATION AT TRIAL**

Here, the government's use of a cone to demonstrate radio wave propagation is not consistent with *Analysis of Mobile Phone Geolocation Methods Used in US Courts*.

Additionally, the government will elicit testimony that mobile phones connect to the cell site with the strongest signal. According to *Analysis of Mobile Phone Geolocation Methods Used in US Courts,* this premise is incorrect.

> One premise frequently relied on in in US courts is that, in a multi-sector scenario, phones always connect to the sector whose received signal is the strongest, which is not 100% true. In older voice-based technologies, phones always selected the sector with the best signal to initiate a call (by sending a message to it after user pressed SEND) or by responding to that sector after receiving a page message for an incoming call.

Exhibit A at 4. Thus, the government will seek testimony that is not consistent with the technology.

Moreover, the government's attempt to use a cone to show radio wave propagation is different from how the government demonstrated radio wave propagation in *United States v. Hill*, 818 F.3d 289 (7th Cir. 2016) — a case this Court relied upon. Specifically, in *Hill*, the government used the following demonstrative to demonstrate the CSLI evidence:

**JOINT GROUP ONE MOTION FOR RECONSIDERATION OF RULING TO ALLOW CSLI INFORMATION AT TRIAL**



*See United States v. Hill*, 1:11-cr-00850, Docket Entry 123-1 (Northern District of Illinois). The prosecution expert sought to demonstrate CSLI by only showing the location of the cell sites, not a sector or purported coverage area. This was consistent with the ruling of the district court, which held:

> MINUTE entry before the Honorable Sharon Johnson Coleman: as to Wayne B Hill; Defendant's motion to exclude testimony from the Government's expert Joseph Raschke [123]is denied. Raschke may testify concerning how cellular networks operate and that generally cell towers have an approximate radius of one or two miles based on his personal experience, knowledge, and any information provided to him by engineers. Mailed notice (rth, )

*See United States v.* Hill, 1:11-cr-00850, Docket Entry 130 (Northern District of Illinois).

**JOINT GROUP ONE MOTION FOR RECONSIDERATION OF RULING TO ALLOW CSLI INFORMATION AT TRIAL**

1   This is far different than the evidence the government seeks to introduce through Agent

2   Sparano-Stanger.

3          At the time this Court found that the CSLI was admissible, it did so without the

4   benefit of the recently published peer-reviewed article, *Analysis of Mobile Phone*

5   *Geolocation Methods Used in US Courts*. In light of this new development, Trial Group

6   One moves this Court to reconsider its earlier ruling admitting CSLI evidence and find

7   that the government has failed to meet its burden that the data should be admitted. . *See*

8   *Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592 (1993).* Alternatively, Group

9   One moves this Court to conduct a further *Daubert* hearing to address a substantial

10  change in circumstances based on the issues raised by *Analysis of Mobile Phone*

11  *Geolocation Methods Used in US Courts.* This newly available, peer reviewed scholarly

12  article is directly related to critical evidence that is scheduled to soon be presented at the

13  Group One trial.

14         With this new scholarship, Group One further lodges an objection to the admission

15  of CSLI testimony by Special Agent Sparano-Stanger on FRE 403 grounds, in that such

16  testimony presents a substantial risk of prejudice and of misleading the jurors.

17

18

19  Dated: April 3, 2022                    Respectfully Submitted,

20                                          JOHN T. PHILIPSBORN
                                            K. ALEXANDRA McCLURE
21                                          ROBERT WAGGENER
                                            MARCIA MORRISSEY
22                                          RICHARD G. NOVAK
                                            JAI GOHEL
23

24                                          by   */s/ Robert Waggener*
                                            Attorney for Russell Ott
25

26

27

28  **JOINT GROUP ONE MOTION FOR RECONSIDERATION OF RULING TO
    ALLOW CSLI INFORMATION AT TRIAL**