STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

AJAY KRISHNAMURTHY (CABN 305533)
KEVIN J. BARRY (CABN 229748)
LINA Y. PENG (NYBN 5150032)
Assistant United States Attorneys

>   450 Golden Gate Avenue, Box 36055
>   San Francisco, California 94102-3495
>   Telephone: (415) 436-6840
>   FAX: (415) 436-7234
>   Email: kevin.barry@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 17-CR-0533-EMC |
| Plaintiff, | |
| v. | **UNITED STATES' TRIAL BRIEF REGARDING IMPEACHMENT USING POST TRAUMATIC STRESS** |
| JONATHAN JOSEPH NELSON, et al., | |
| Defendants. | |

The defense has demanded the government create discovery related to witness J.H.'s discussion of experiencing Post Traumatic Stress Disorder (PTSD) with the case agent during a recent exchange of text messages. These include, according to the defense, "whether (a) he is under the care of a mental health professional or physician, (b) whether he is self medicating arbitrarily based on his sense of what he needs at a given time, (c) whether he is telling the truth about his xanax intake, and (d) if so, whether he is going to be testifying under the influence of xanax and/or that and other substances." This quotation is from an email from Mr. Philipsborn, counsel for Mr. Wendt, sent on April 26, 2022, at 8:30 pm.

US TRIAL BRIEF RE: PTSD
CR 17-0533 EMC

1

As an initial matter, to head off any defense argument that the fact that the government only recently disclosed that this witness indicated that he was using Xanax, this fact was disclosed in June 2021. It is explicitly referenced in the texts from 2019 or so that Mr. Philipsborn was referencing during yesterday's hearing. TR 2395. (Mr. Philipsborn was unsure about the date; the texts are from November 2018.)

Information that J.H. is experiencing anxiety connected to PTSD and is addressing it through a common benzodiazepine—as millions of Americans do on a daily basis—is not relevant, and the defense should not be permitted to explore any of it on cross examination. A witness's anxiety cannot be used for impeachment, as many authorities have held. *See United States v. Hargrove*, 382 F. App'x 765, 776 (10th Cir. 2010) ("We have not discovered a single case in which a witness' credibility was called into question on account of an anxiety disorder.").

Further, health issues—including mental health issues—cannot be used to impeach a witness without "some indication . . .that a particular witness's medical history throws some doubt on the witness's competence or credibility." *United States v. George*, 532 F.3d 933, 937 (D.C. Cir. 2008). "The days are long past when any mental illness was presumed to undermine a witness's competence to testify." *Id.*; *see also United States v. Sasso*, 59 F.3d 341, 348 (2d Cir. 1995) ("In light of the nature of Kramer's condition, i.e., a not-unpredictable depression resulting from her involvement in a specific catastrophic event, the fact that her depression was relatively recent did not necessarily suggest that that condition had any probative value.").

With respect to PTSD specifically, there is no connection between this condition and a witnesses' credibility, as Judge Henderson has held.

> Petitioner cannot demonstrate that revealing to the jury that Fuller also had a diagnosis of PTSD would have further impeached her. Petitioner does not cite to any clearly established federal law – or indeed, to any law at all – that suggests that witnesses with a PTSD diagnosis are inherently not credible, incompetent to testify, or prone to lying as a result of their diagnosis.

*Johnson v. Chappell*, NO. C 95–0305 TEH, 2014 WL 1920551, at *8 (N.D. Cal. May 13, 2014).

US TRIAL BRIEF RE: PTSD         2
CR 17-0533 EMC

Judge Henderson independently found no error in the fact that a witness's PTSD was not introduced at trial in light of the fact that the defense "thoroughly" impeached the witness on other grounds. *Id.* Here, the defense will have ample opportunities to attack J.H., many of which they introduced in their opening statement. The principal attack will be that J.H. indicated that something he told agents was not accurate. This was disclosed in the text messages produced in June 2021, referred to above. The defense will also seek to explore benefits received from the government, implying, as counsel for Defendant Ott argued in his opening statement, that he is "singing for his supper." The defense will also suggest that J.H. is testifying to "get on the bus" and avoid charges, including charges in a domestic terrorism case. Other bases include bias against Brian Wendt, because Brian Wendt sought to have J.H. killed, and J.H. believes that Wendt is capable of doing so. All of these avenues of impeachment render J.H.'s PTSD and his efforts to manage it excludable under Rule 403, even if evidence of this were otherwise admissible, which it is not.

DATED: April 27, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

    /s/
KEVIN J. BARRY
AJAY KRISHNAMURTHY
LINA Y. PENG
Assistant United States Attorneys