| | |
|---|---|
| ROBERT WAGGENER - SBN: 118450<br>LAW OFFICE OF ROBERT WAGGENER<br>214 Duboce Avenue<br>San Francisco, California 94103<br>Phone:   (415) 431-4500<br>Fax:   (415) 255-8631<br>E-Mail:   rwlaw@mindspring.com<br>Attorney for Defendant RUSSELL T. OTT | RICHARD G. NOVAK - SBN 149303<br>P.O. Box 5549<br>Berkeley, Ca 94705<br>(626) 578-1175<br>Richard@RGNLaw.com<br>Attorney for JONATHAN NELSON |
| MARCIA ANN MORRISSEY- SBN: 66921<br>LAW OFFICE OF MARCIA ANN MORRISSEY<br>11400 W. Olympic Blvd., STE 1500<br>LOS ANGELES, CA 90064<br>Phone:   (310) 399-3259<br>Fax:   (310) 392-9029<br>E-mail:   morrisseyma@aol.com<br>Attorney for Defendant RUSSELL TAYLOR OTT | JAI M. GOHEL SBN 170782<br>819 Eddy Street<br>San Francisco, CA 94109<br>(415) 771-6714<br>Jaigohel@rocketmail.com<br>Attorney for JONATHAN NELSON |
| JOHN T. PHILIPSBORN - SNB 83944<br>Law Offices of JOHN T. PHILIPSBORN<br>507 Polk Street, Suite 350<br>San Francisco, CA 94102<br>(415) 771-3801<br>jphilipsbo@aol.com<br>Attorney for BRIAN WAYNE WENDT | K. ALEXANDRA McCLURE -SBN 189679<br>214 Duboce Avenue<br>San Francisco, CA 94103<br>(415) 814-3397<br>alex@alexmcclurelaw.com<br>Attorney for BRIAN WAYNE WENDT |

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>     v.<br><br>RUSSELL TAYLOR OTT,<br><br>           Defendant.<br>_____/ | **No.  CR 17 00533 EMC**<br><br>**NOTICE OF JOINT GROUP ONE DEFENSE OBJECTION TO UNITED STATES' CERTIFICATES OF AUTHENTICITY UNDER FRE 902(14)**<br><br>**Dept: The Honorable Edward M. Chen**<br>          **United States District Judge** |

**TO:   THE UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF CALIFORNIA; ASSISTANT UNITED STATES ATTORNEYS KEVIN BARRY, AJAY KRISHNAMURTHY AND LINA PENG; AND TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**JOINT GROUP ONE DEFENSE OBJECTION**
**TO ELECTRONIC DEVICE AUTHENTICATION**

## I.  INTRODUCTION AND SUMMARY OF THE OBJECTIONS

The government has filed three documents entitled United States' Notice of Certificate of Authenticity Under FRE 902(14). ECF 2714, 2719, 2720. Each notice relates to a different FBI employee:  forensic examiner Beth Marquis Mauldin, FBI Supervisory Special Agent and Digital Extraction Technician Alex Mah, and FBI Special Agent and Digital Extraction Technician Michael Mansuy. Each certificate contains a declaration from the examiner/technician as to their extraction of various electronic devices connected to this case, each identified by an Extraction Identifier number, SVE#####:  Mauldin - 11 devices (5 phones, 6 hard drives or thumb drives), Mah - 4 devices (hard drives and thumb drives), Mansuy - 2 devices (hard drives). None of these technicians have testified or been noticed to testify.[1] The government is obviously relying on the three certificates and declarations to authenticate the electronic devices and all of the chosen exhibits picked from the mountain of data. The defense objects.

## II.  ARGUMENTS AND AUTHORITIES

This Court should reject the government's attempts to authenticate certain evidence pursuant to Federal Rule of Evidence 902 (14) for several reasons. First, the government has failed to provide reasonable notice—the government waited until over one month into trial, such notice is not reasonable under the circumstances. The certificates were filed last week. Second, the government has failed to comply with the text of Section 902(14) by failing to establish that the witness is qualified to render the proffered opinion. Third, as provided by the notes, "A proponent establishing authenticity under this Rule must present a certification containing information that would be sufficient to establish authenticity were that information provided by a witness at trial. If the certification provides information that would be insufficient to authenticate the record of the certifying person testified, then authenticity is not established under this Rule." Here, the government even failed to comply with the minimum of the Rule, which is to provide the actual

---

[1] Witnesses Mauldin and Mah are on the government's witness list. Witness Mansuy is not.

**JOINT GROUP ONE DEFENSE OBJECTION
TO ELECTRONIC DEVICE AUTHENTICATION**                2

1   hash value which would allow the defense to conduct a similar comparison. The documentation of
2   the certificates is absolutely minimal.  Fourth, the notice fails to comply with Rule 902(11), as
3   required by Section 902(14), which provides that the notice must comply with Rule
4   803(6)(A)-(C), the business record exception to the hearsay rule. The government's failure to do
5   so is disqualifying. Fifth, to the extent Rule 902(14) allows the government in a criminal case to
6   admit evidence in the absence of a witness, it violates the accused rights under the Fifth and Sixth
7   Amendments of the constitution. Thus, this Court should strike the government's notice and
8   exclude or strike admission of the evidence derived from the various electronic devices because
9   the government failed to comply with Rule 902, and the admission of such evidence is
10  unconstitutional.

11       One issue for the Court to understand is that these various electronic devices contain
12  hundreds of gigabytes of data. The trial in this case has provided only limited context or
13  specificity of origin as to the various photographs, videos, documents, and emails culled from
14  these various devices. Blanket authentication of all these items by means of three bare bones
15  certificates and declarations, not even identifying the amount of data extracted or the source and
16  chain of custody of the various evidence exhibits, is fundamentally unfair to a criminal defendant.[2]

17       There is very little case law as to FRE 902(14). One criminal case in the Sixth Circuit that
18  passed muster as to a certificate of authenticity involved a single cell phone of the defendant
19  where the certificate of authenticity was filed pretrial. *United States v. Dunnican*, 961 F.3d

---

[2] The legislative history of FRE 902(14) is instructive. The government has violated the terms and elements of the rule, as well as its general purpose.
   "A certification under this Rule can only establish that the proffered item is authentic. The opponent remains free to object to admissibility of the proffered item on other grounds—including hearsay, relevance, or in criminal cases the right to confrontation. For example, in a criminal case in which data copied from a hard drive is proffered, the defendant can still challenge hearsay found in the hard drive, and can still challenge whether the information on the hard drive was placed there by the defendant.
   A challenge to the authenticity of electronic evidence may require technical information about the system or process at issue, including possibly retaining a forensic technical expert; such factors will affect whether the opponent has a fair opportunity to challenge the evidence given the notice provided."

**JOINT GROUP ONE DEFENSE OBJECTION
TO ELECTRONIC DEVICE AUTHENTICATION**   3

1  859(6th Cir. 2020) Our case is an entirely different animal where the notices were filed in the

2  midst of trial as to the wholesale data in multiple devices from a range of devices attributed to

3  multiple people and locations, and non-defendants.

4

5  Dated: May 25, 2022                              Respectfully submitted,

6                                                              /s/
                                                         ROBERT F. WAGGENER
7                                                       MARCIA M. MORRISSEY
                                                         JOHN T. PHILIPSBORN
8                                                       K. ALEXANDRA McCLURE
                                                         JAI M. GOHEL
9                                                       RICHARD G. NOVAK

10

11                                                      By: */s/ Robert F. Waggener*
                                                         ROBERT F. WAGGENER
12                                                      On Behalf of Group One Defense

**JOINT GROUP ONE DEFENSE OBJECTION
TO ELECTRONIC DEVICE AUTHENTICATION**          4