| | |
|---|---|
| ROBERT WAGGENER - SBN: 118450<br>LAW OFFICE OF ROBERT WAGGENER<br>214 Duboce Avenue<br>San Francisco, California 94103<br>Phone:  (415) 431-4500<br>Fax:  (415) 255-8631<br>E-Mail:  rwlaw@mindspring.com<br>Attorney for Defendant RUSSELL T. OTT | RICHARD G. NOVAK - SBN 149303<br>P.O. Box 5549<br>Berkeley, Ca 94705<br>(626) 578-1175<br>Richard@RGNLaw.com<br>Attorney for JONATHAN NELSON |
| MARCIA ANN MORRISSEY- SBN: 66921<br>LAW OFFICE OF MARCIA ANN MORRISSEY<br>11400 W. Olympic Blvd., STE 1500<br>LOS ANGELES, CA 90064<br>Phone:  (310) 399-3259<br>Fax:  (310) 392-9029<br>E-mail:  morrisseyma@aol.com<br>Attorney for Defendant RUSSELL TAYLOR OTT | JAI M. GOHEL SBN 170782<br>819 Eddy Street<br>San Francisco, CA 94109<br>(415) 771-6714<br>Jaigohel@rocketmail.com<br>Attorney for JONATHAN NELSON |
| JOHN T. PHILIPSBORN - SNB 83944<br>Law Offices of JOHN T. PHILIPSBORN<br>507 Polk Street, Suite 350<br>San Francisco, CA 94102<br>(415) 771-3801<br>jphilipsbo@aol.com<br>Attorney for BRIAN WAYNE WENDT | K. ALEXANDRA McCLURE -SBN 189679<br>214 Duboce Avenue<br>San Francisco, CA 94103<br>(415) 814-3397<br>alex@alexmcclurelaw.com<br>Attorney for BRIAN WAYNE WENDT |

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>              v.<br><br>RUSSELL TAYLOR OTT,<br><br>                    Defendant.<br>_____ / | No.  CR 17 00533 EMC<br><br>**JOINT GROUP ONE DEFENSE RESPONSE TO UNITED STATES' NOTICE REGARDING CAST PRESENTATION [ECF 2784**<br><br>**Dept: The Honorable Edward M. Chen**<br>        **United States District Judge** |

TO:   THE UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF
      CALIFORNIA; ASSISTANT UNITED STATES ATTORNEYS KEVIN BARRY,
      AJAY KRISHNAMURTHY AND LINA PENG; AND TO THE CLERK OF THE
      ABOVE-ENTITLED COURT:

**JOINT GROUP ONE RESPONSE RE CAST PRESENTATION**

1    Trial Group One responds to the United States' Notice Regarding CAST Presentation
2 (ECF 2784), and its accompanying modifications of the CAST Presentation, GX 127. (ECF 2784-
3 1). The parties met and conferred regarding the modifications per the Court's direction, and it was
4 agreed that the government would file a version of GX 127 with redactions and modifications
5 already agreed upon, and then the defense would file a response as to objections, and suggested
6 further modifications/points of contention. Here the defense sets out its issues with the version of
7 GX 127 attached as an exhibit to ECF 2784. The original 80 page presentation has now been
8 expanded to 84 pages by the government.[1] General points will first be addressed, and then issues
9 with individual slides will be discussed.

**A.      Redaction Boxes**

The government's submitted version of GX 127 has 14 separate pages where there are redactions. As to all of those pages containing larger (more than a line or two) redactions, the redaction is in black and contains big, block letters "REDACTED". The markups are obviously highlighted, and unnecessarily emphasize material that has been removed from the presentation based on legitimate defense objections. For this summary presentation there is no need to emphasize to the jury that they are being deprived of information, and leave them to speculate what has been properly culled from the presentation. The defense has suggested that the redactions be done in a neutral color without any lettering or language appearing within the four corners of the redaction. It is a simple process. An example of a neutral redaction is provided in attached Exhibit A demonstrating the agreed upon redaction in slide number 3.

**B.      Inserted Slide**

Taking direction from the Court, the defense suggested that a slide be inserted between slides 11 and 12 of the original presentation. The choice of that particular location is that slide 11 is the first slide where numbers appear on mapped cell site location sectors, generally matched

---

[1] The expanded number of pages is a result of magnifying the charts that were originally on a single slide, slide 79. The expanded pages are addressed herein. Many of the slides in the presentation have numbers in the upper right corner, but many do not. To make matters a little more confusing, after numbered slide 11 the sequential 84 pages of the entire PDF document do not match up with the slide number. (e.g. slide 15 is page 16 of the PDF) Herein, if a slide number is identified, the PDF page number is also identified.

**JOINT GROUP ONE RESPONSE RE CAST PRESENTATION**         2

1  with an overlaid box in a slide that contains contact frequency information, either with specific
2  times or over a period of time. Thereafter, on multiple mapped slides that follow there are similar
3  slides with numbered sectors from 1 to 5 on a particular slide.  The Court has indicated that it was
4  not inclined to insert particular language on every such slide, but suggested that it was open to a
5  single slide which provided helpful, explanatory information to the jury for their review of the
6  CAST presentation.
7      The language suggested by the defense to the government for this inserted slide is:
8      EXPLANATION OF CELL SITE ILLUSTRATIONS USED
9      In a number of the slides that follow, cell site locations and sector orientations sometime contain a number, usually 1, 2 or 3, to illustrate which of the cell sectors
10  a particular handset *may* have accessed. As explained by the testimony of agent Sparano-Stanger, sometimes there is an overlap or duplication in cell sector
11  coverage. The placement of the number near the specified cell site is intended to indicate that the particular phone handset accessed the specified cell tower. The
12  location of the number *does not* purport to indicate exactly where the phone was, and may not indicate exactly which cell site sector area the phone was in.
13
14  The government objects to this language. Instead, in their proposed modification to be inserted
15  between slides 11 and 12, they reinserted an exact copy of what is already slide 2, but highlighted
16  the second paragraph, "Methodology", and did not remove the other paragraphs on the page. The
17  defense objects to the government's suggested insertion, and asks the Court to order the insertion
18  of the language suggested by the defense. The language is not argumentative, is consistent with
19  the testimony of agent Sparano-Stanger, is consistent what is submitted to be the intended
20  inclusion of those numbered sectors, and will be helpful to the jury. The insertion of an exact copy
21  of slide 2, even if highlighted, will be confusing and repetitive. The "Methodology" language is
22  also not the easiest to understand, and does not specifically address the numbered sectors issues.
23  **C.**    **\*67 "Blocking" Language**
24      The defense objects to the inclusion of the "*67" "blocked" fact box or equivalent
25  language appearing on multiple slides. (Slide 47 (PDF 48), Slide 50 (PDF 51), PDF 71) Similar to
26  the topic discussed above, there is no need for this language to be on multiple slides. It could, in
27  fact be covered on the insert between slides 11 and 12, and does not have to appear on multiple
28  slides.

**JOINT GROUP ONE RESPONSE RE CAST PRESENTATION** 3

**D.    Individual Slides**

1. Slide 26 (PDF 27)

The box at the upper right corner discussing apparent travel should be redacted.

2. Slide 43 (PDF 44)

The box at the upper right corner discussing apparent travel should be redacted.

3. Slide 51 (PDF 52)

The second paragraph in the fact box in the upper left corner should be redacted to remove the language as to a handset change.

4. Slide 54 (PDF 55)

The sentence at the bottom of the page about no cell site activity for Joel Silva after 10:24 a.m. until 7:53 p.m and 11:13 p.m should be redacted. The very same information and language appears in a fact box on slide 51 (PDF 52). The sentence at the bottom of the page associated with a handset change should be redacted consistent with slides 60 (PDF 61) and 63 (PDF 64).

5. Slide 63 (PDF 64)

The language at the bottom of the page "There is a lapse of cell site activity for telephone 559-741-6282 (Huff) when cell site activity was reported for 707-484-8852 (Silva)." should be redacted also as argumentative.

6. Slide 66 (PDF 67)

See directly above. The same language is currently included, and should be redacted as argumentative and cumulative.

7. Slide 68 (PDF 69)

See directly above. Same situation.

8. PDF 80 - 83

These slides are what used to be on former slide 79, but in larger form in order to be legible. The objection here is specific to Mr. Ott. The two tables PDFs 80 and 81 should be on the same page so as to make it immediately apparent that the two charts are related. The chart on current PDF 80 does not contain phone numbers, while phone numbers do appear on PDF 81, and

**JOINT GROUP ONE RESPONSE RE CAST PRESENTATION         4**

to remove any ambiguity it should be clear that the two charts relate to the same subject matter and summary information.

## CONCLUSION

For all the reasons stated, the Court should order the further modifications to the GX 127 version currently attached to ECR 2784.

Dated: May 30, 2022                     Respectfully submitted,

                                                                            /s/
ROBERT F. WAGGENER
MARCIA M. MORRISSEY
JOHN T. PHILIPSBORN
K. ALEXANDRA McCLURE
JAI M. GOHEL
RICHARD G. NOVAK


By: */s/ Robert F. Waggener*
ROBERT F. WAGGENER
On Behalf of Group One Defense

**JOINT GROUP ONE RESPONSE RE CASE PRESENTATION** 5